Harland E. STANFORD, Appellant,

v.

AMERICAN TRANSPORT, INC., a corporation, and Insurance Company of North America, an Insurance Company, Appellees.

No. 48515.

Court of Appeals of Oklahoma, Division No. 1.

March 23, 1976.

Released for Publication by Order of Court of Appeals April 15, 1976.

Berry, Nesbitt & Berry, by Howard K. Berry, Jr., Oklahoma City, for appellant.

Fenton, Fenton, Smith, Reneau & Moon by Dale Reneau, Oklahoma City, for appellees.

REYNOLDS, Presiding Judge:

This cause of action raises the question: does an entry of appearance, authorized by 12 O.S.1971 § 154.6, effectively waive objections to jurisdiction of a foreign corporation for an extraterritorial cause of action.

On October 23, 1974, the plaintiff, a resident of Oklahoma, filed a petition in Oklahoma County. He alleged that on December 11, 1973, in Guadalupe County, New Mexico, the automobile in which he was traveling was rear-ended by a truck, owned and operated by the defendant, a Nebraska corporation. Further, that the collision caused injury to the plaintiff. Substituted service was had on the defendant through the offices of the Secretary of State. The defendant filed an entry of appearance, as authorized by 12 O.S.1971 § 154.6, waiving all objections to the service of process and venue, thereby extending time to plead or answer for thirty days. The defendant filed a demurrer within the thirty days, asserting that the petition showed on its face that the Oklahoma Court did not have personal jurisdiction over the defendant. In its trial brief, the defendant pointed out that it was a foreign corporation and the cause of action did not arise out of activities within the state. The plaintiff amended his petition alleging other facts concerning the activities of the defendant in Oklahoma. The defendant again demurred on the grounds that the court did not have personal jurisdiction and the plaintiff's action was dismissed.

The plaintiff appealed, asserting, among other things, that the defendant's § 154.6 entry of appearance was a general appearance and effectively waived the right to challenge the power of the court to exercise jurisdiction over the defendant. We agree.

The statute in question, since amended, provided as follows:

"Within the time to answer as set forth in the summons, a defendant may file an appearance which shall extend the time to plead or answer an additional thirty (30) days. The filing of such an appearance waives all objections to the service of process and the venue of the action."

Both parties agree that service was not authorized under the long arm statutes, 12 O.S. §§ 187, 1701.03. Therefore, if the Oklahoma court has personal jurisdiction over this nonresident defendant, it is through its voluntary appearance.

Statutes must be interpreted in accordance with their plain and ordinary meaning. Where the language of a statute is clear and unmistakable, there is no room for construction. *In Re Guardianship of Campbell*, Okl., 450 P.2d 203 (1966). The language of this statute is clear and unambiguous. It states: "Within the time to answer as set forth in the summons, a defendant may file an *appearance*." (Emphasis supplied.) In the second syllabus of *Mock v. Stricklin*, Okl., 315 P.2d 247 (1957):

"An objection, by a defendant to the jurisdiction of the trial court over his person, may be raised and preserved by a special plea thereto or by objection included in the first pleading filed by him which would otherwise be a general appearance in defense."

Defendant's entry of appearance, is, by its very terms, an appearance and the statutory authorization for this appearance does not include nor did the defendant attempt to include, an objection to the jurisdiction of the court over its corporate person. Therefore, the objection was waived.

The defendant asserts that § 154.6 must be read in conjunction with 12 O.S.1971 § 268A, which states in part, "any objection not raised when the defendant demurs or interposes a motion is deemed waived except objections to the jurisdiction of the court . . . " This statute provides for the order in which the various defenses must be raised and for compulsory joinder of motions and demurrers. It does not speak to a voluntary appearance which waives the right to interpose objections to jurisdiction of the person.

The defendant's waiver is determinative of the question of personal jurisdiction of the defendant; therefore it is not necessary to consider plaintiff's other proposition of error. The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

ROMANG, J., concurs.